IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAN JUANITA GONZALEZ FLORES AND JOSE ANTONIO VIANA RUEDA | § § § | |
| *Plaintiffs,* | § § | |
| VS. | § § | CIVIL ACTION NO. 5:21-CV-559 |
| MURPHY PIPELINE CONTRACTORS, INC. AND EDGAR FULGENCIO CASTILLO | § § § § | |
| *Defendants.* | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **SAN JUANITA GONZALEZ FLORES** and **JOSE ANTONIO VIANA RUEDA,** Plaintiffs herein, complaining of **MURPHY PIPELINE CONTRACTORS, INC.** and **EDGAR FULGENCIO CASTILLO**, Defendants herein, and would show the Court as follows:

### PARTIES

1. Plaintiffs, **SAN JUANITA GONZALEZ FLORES** and **JOSE ANTONIO VIANA RUEDA**, are both individual natural persons and citizens of the State of Texas and both reside in Eagle Pass, Maverick County, Texas.

2. Defendant, **MURPHY PIPELINE CONTRACTORS, INC.**, is a corporation that is incorporated under the laws of the State of Florida. Defendant **MURPHY PIPELINE CONTRACTORS, INC.** has its principal place of business in the State of Florida. Defendant **MURPHY PIPELINE CONTRACTORS, INC.** has designated Corporation Service Company d/b/a CSC-Lawyers Incorporated Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3136 as agent for service of process.

Defendant **MURPHY PIPELINE CONTRACTORS, INC.**, at all times material to this action, has engaged in business in Texas, as more particularly described below.  Defendant does not maintain a place of regular business in Texas, however, the cause of action asserted arose from or is connected with purposeful acted committed by the Defendant in Texas in that Defendant operates a water and waste water utility contracting business.  It operates this business and offers its services to every corner of North America.  Specifically, Defendant replaces antiquated water delivery and/or sewer pipes with pipes made of modern durable material using trenchless technology borrowed from Europe. It has contracts all over the country and was engaged in water pipe replacement project in Eagle Pass, Maverick County, Texas at the time of the incident giving rise to this lawsuit. As such, they have established a general presence in this state and this Defendant has engaged in continuous and systematic activities in Texas and in this judicial district in particular.  This Defendant has purposely, by action or conduct, directed activities toward the forum state (Texas) and has and is doing business in this State.  This Defendant, due to contracts with and sales to Texas residents, contacts with Texas, and marketing and sales in this State, anticipated or should have anticipated the use of Texas courts as a result of such contacts. Litigating in Texas is not unreasonably inconvenient for this Defendant.

3.     Defendant, **EDGAR FULGENCIO CASTILLO**, (hereinafter referred to as Defendant **CASTILLO**), is an individual and citizen of the State of Florida.  This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of the Texas Transportation Commission, Mr. J. Bruce Bugg, Jr., at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified or registered mail, return receipt requested, to

Defendant **CASTILLO**'s place of abode at 1268 NW 27th Street, Jacksonville, Florida 33142.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest and costs. Specifically, Plaintiff is a citizen of the State of Texas. Defendant **MURPHY PIPELINE CONTRACTORS, INC.** is a corporation incorporated under the laws of State of Florida with its principal place of business in the State of Florida. Defendant **CASTILLO** is a citizen of the State of Florida.

## VENUE

5. Venue is proper in this district because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b). This claim arises out of a motor vehicle collision occurring on October 2, 2019 in Eagle Pass, Maverick County, Texas.

## FACTS

6. Plaintiff **MURPHY PIPELINE CONTRACTORS, INC.** would show the Court that on or about October 2, 2019, she was driving a 2010 Chevrolet Equinox southbound on the 1900 block of North Veterans Blvd. as she entered the left turn lane. At or near that same time Defendant **CASTILLO**, operating a 2015 White Ford F550 pickup truck, was exiting a private driveway and entered the 1900 block of N. Veterans Blvd. Defendant **CASTILLO** cut across two lanes of traffic and invaded the turning lane that was already occupied by Plaintiff. Defendant **CASTILLO** failed to yield the right of way to Plaintiff and caused a collision between his truck and the frontend of the Plaintiff's vehicle. As a result of the impact, Plaintiff suffered injuries to her neck, shoulders, chest, abdomen, upper back, left wrist, right arm and leg, and lower back.

## NEGLIGENCE OF DEFENDANT CASTILLO

7. In causing the collision of the vehicles involved, Defendant **CASTILLO** was guilty of various acts or omissions which constitute negligence as enumerated below, each of which constitutes a proximate cause of Plaintiffs' injuries and damages, to wit:

   a. In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

   b. In failing to safely operate the vehicle he was driving while in the course and scope of his employment as a reasonable and prudent person would have done under the same or similar circumstances;

   c. In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

   d. In failing to timely apply the brakes to the vehicle he was operating in order to avoid the collision in question;

   e. In failing to take proper evasive action in order to avoid said collision;

   f. In failing to control the speed of his vehicle as a reasonable and prudent person would have done;

   g. In failing to yield the right of way at an intersection controlled by a traffic control device, in violation of Texas Transportation Code §§ 545.151(a)(1)(A) and (f), and 545.153 et seq.; and,

8. Plaintiffs would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiffs as described herein below.

## RESPONDEAT SUPERIOR

9. At the time of the collision described above, Defendant **CASTILLO** was the agent, servant, and/or employee of Defendant **MURPHY PIPELINE CONTRACTORS, INC.**, and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant **MURPHY PIPELINE CONTRACTORS, INC.**  Defendant

**CASTILLO** was operating the 2015 White Ford F550 pickup truck on the public streets and highways of the State of Texas in furtherance of Defendant, **MURPHY PIPELINE CONTRACTORS, INC..'s** business. Defendant **CASTILLO** was operating the 2015 White Ford F550 pickup truck with the knowledge, and consent of Defendant **MURPHY PIPELINE CONTRACTORS, INC.** Therefore, Defendant **MURPHY PIPELINE CONTRACTORS, INC.**, is liable under the doctrine of Respondeat Superior.

## NEGLIGENT ENTRUSTMENT

10. In the alternative, Plaintiffs would show that Defendant **CASTILLO** had expressed or implied consent to drive the vehicle in question and received direction from Defendant **MURPHY PIPELINE CONTRACTORS, INC.** That Defendant **MURPHY PIPELINE CONTRACTORS, INC.** were negligent in entrusting the motor vehicle to Defendant **CASTILLO**, when they knew or should have known that Defendant **CASTILLO**, was a reckless and incompetent driver. Further, such negligence of Defendant **CASTILLO**, was approximate cause of the accident and damages suffered by Plaintiffs.

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

11. In the alternative, Plaintiff would show that on the occasion in question and at all relevant times, Defendant **MURPHY PIPELINE CONTRACTORS, INC.**, was negligent in various acts and omissions, including, but not limited to the following:

   a. Failing to properly investigate the driving competence of Defendant **CASTILLO**;

   b. Failing to properly investigate the driving history of Defendant **CASTILLO**;

   c. Failing to properly investigate the background of Defendant **CASTILLO** as it may relate to Defendant's competence and suitability as a driver;

    d.    In disregarding their own established hiring policies and practices and placing Defendant **CASTILLO** on the public roadways when he was otherwise disqualified to be a professional driver;

    e.    Failing to properly train Defendant **CASTILLO** in the safe operation of a vehicle on the public streets of the State of Texas;

    f.    Failing to properly supervise Defendant **CASTILLO** to assure that he was safely operating his vehicle on the public streets and highways of the State of Texas; and

    g.    Employing inadequate driver retention policies.

12.    Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein below.

## DAMAGES

13.    Plaintiff **SAN JUANITA GONZALEZ FLORES,** would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, she sustained injuries to her low back, upper back, chest, right elbow, bilateral wrist, bilateral leg and neck, and she has suffered physical pain and mental anguish in the past and in all reasonable probability will continue to so suffer in the future; she has suffered physical impairment in the past and in all reasonable probability will continue to so suffer in the future; she has suffered disfigurement, she has suffered impairment to her earning capacity in the past and in all reasonable probability will continue to suffer a loss of wage earning capacity in the future. Plaintiff **SAN JUANITA GONZALEZ FLORES** has incurred reasonable and necessary medical expenses for the proper treatment of her injuries in the past and in all reasonable probability will continue to incur medical expenses in the future.

## LOSS OF HOUSEHOLD SERVICES

14.    As a proximate result of the negligent conduct of the defendants and of **SAN**

**JUANITA GONZALEZ FLORES'** resulting injuries and disabilities, the Plaintiff **JOSE ANTONIO VIANA RUEDA** has been deprived of the services of **SAN JUANITA GONZALEZ FLORES** by reason of her inability to carry out her usual duties as a homemaker and parent. In all reasonable probability this loss will continue long into the future, if not for the balance of the natural life of **SAN JUANITA GONZALEZ FLORES.**

## JURY DEMAND

15. The Plaintiffs demand a jury trial on all issues which may be tried to a jury.

## PRAYER

16. Premises considered, the Plaintiffs ask that the Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants for Plaintiffs' actual damages in the amount of Three Million Dollars ($3,000,000.00), pre-judgement and post-judgement interest, for costs of court and for such other and further relief, both general and special, at law and in equity, to which the Plaintiffs may be justly entitled.

Respectfully submitted,

**KNICKERBOCKER, HEREDIA, SALINAS & SALINAS, P.C.**
468 Main Street
Eagle Pass, Texas 78852
Tel: 830/773-9228
Fax: 830/773-2582
borderlawyer@knicklaw.com


By:  /s/ Marco A. Salinas
     **Marco A. Salinas**
     State Bar No. 00794583

ATTORNEYS FOR PLAINTIFFS